# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL C. KENT, AS TRUSTEE OF THE MICHAEL C. KENT TRUST, ON BEHALF OF THE TRUST,<br>　　　　　Plaintiff<br><br>v.<br><br>U.S. TRUST, THE PRIVATE WEALTH MANAGEMENT DIVISION OF BANK OF AMERICA f/d/b/a BANK OF AMERICA, N.A., SUBSIDIARY OF BANK OF AMERICA CORP.,<br>　　　　　Defendant | C.A. No. 11-451-ML |

## MOTION TO DISMISS COUNT IV FOR FAILURE TO STATE A CLAIM

Now comes U.S. Trust, the Private Wealth Management Division of Bank of America, f/d/b/a Bank of America, N.A., a subsidiary of Bank of America Corp. (the "Bank"), by and through its counsel Partridge Snow & Hahn LLP, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss Count IV of the Complaint by Plaintiff, Michael C. Kent, as Trustee of the Michael C. Kent Trust, on statute of limitations grounds. In support of this motion, the Bank relies upon the accompanying memorandum of law.

        Respectfully submitted,

        U.S. TRUST, THE PRIVATE WEALTH
        MANAGEMENT DIVISION OF BANK
        OF AMERICA f/d/b/a BANK OF
        AMERICA, N.A., SUBSIDIARY OF
        BANK OF AMERICA CORP.

        By Its Attorneys,

        PARTRIDGE SNOW & HAHN LLP


        */s/ Melissa E. Darigan*
        Melissa E. Darigan (#4792)
        180 South Main Street
        Providence, RI 02903
        (401) 861-8200
        (401) 861-8210 FAX
        med@psh.com


DATED: October 12, 2011


**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing MOTION TO DISMISS COUNT IV FOR FAILURE TO STATE A CLAIM was served on the 12th day of October, 2011 through the Court's ECF system to the following counsel of record:

        Andrew R. Bilodeau, Esq.
        Kristen L. Forbes, Esq.
        Cohn Dussi & Bilodeau, LLC
        931 Jefferson Blvd, Suite 1003
        Warwick, RI  02886


        */s/ Melissa E. Darigan*


1471757_1/4150-134

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL C. KENT, AS TRUSTEE OF THE MICHAEL C. KENT TRUST, ON BEHALF OF THE TRUST,<br>        Plaintiff<br><br>v.<br><br>U.S. TRUST, THE PRIVATE WEALTH MANAGEMENT DIVISION OF BANK OF AMERICA f/d/b/a BANK OF AMERICA, N.A., SUBSIDIARY OF BANK OF AMERICA CORP.,<br>        Defendant | C.A. No. 11-451-ML |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT IV FOR FAILURE TO STATE A CLAIM

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant U.S. Trust, the Private Wealth Management Division of Bank of America f/d/b/a Bank of America, N.A., subsidiary of Bank of America Corp. (the Bank") requests that this Court dismiss Count IV of the Complaint of Plaintiff Michael C. Kent ("Kent"), alleging violations of the Rhode Island Uniform Securities Act. This claim was not timely filed in accordance with the statute of limitations set forth in the Act.[1]

### BACKGROUND

In August 1997, Kent, as Trustee of the Michael C. Kent Trust (the "Trust"), entered into an agency agreement with the Bank's predecessor, Rhode Island Hospital Trust National Bank. The agency agreement authorized the Bank to, *inter alia*, manage the Trust's

---

[1] Should the Court determine that Count IV is not time barred on its face, the Bank has moved, in the alternative, for a more definite statement of the Complaint, including Count IV. In support of this alternative request, the Bank relies upon its contemporaneously filed Memorandum in Support of Defendant's Motion for a More Definite Statement. Furthermore, in filing this motion on statute of limitation grounds pursuant to the Act, the Bank does not waive and specifically preserves all other bases for dismissal of Count IV.

investments under the direction of Kent as the Trustee, including making investment decisions in furtherance of Kent's investment objectives. This agency relationship continued from August 1997 to January 2011, when Kent moved the Trust to another institution, with each of Rhode Island Hospital Trust's successors, including the Bank, performing the same function.

Kent alleges in the Complaint that in or about December 2005, he instructed the Bank not to invest any Trust funds in securities of any entities which hold residential mortgages. Kent also alleges that the Bank informed him that the Trust's investments had been reviewed and the Trust was not and would not be investing in such securities. Kent claims that between January 2006 and December 2008, Trust assets were invested in such entities, and as a result the Trust realized a loss of approximately $3,000,000.

In the Complaint, Kent asserts four counts against the Bank, among them Count IV - Violation of the Rhode Island Uniform Securities Act (the "RIUSA"). The RIUSA contains a specific and absolute bar to claims brought after the *earlier* of three events: (1) one year after the discovery of a violation of the statute; (2) one year after such discovery should have been made by the exercise of reasonable care; or (3) three years after the act, omission, or transaction constituting the violation. In the instant case, Kent's claim falls under any of the three tests. The appropriate time limit in this case is one year after the discovery of the violation was or should have been made, and the events alleged by Kent to violate the RIUSA occurred far more than one year prior to the filing of this action. Count IV should be dismissed immediately on this basis.

## LEGAL STANDARD

When deciding a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure, factual allegations of the complaint are accepted as true, and all reasonable inferences from the complaint and any attachments are to be drawn in plaintiff's favor. See Paradis v. Aetna

Cas. & Sur. Co., 796 F. Supp. 59, 61 (D.R.I. 1992); Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc., 32 F. Supp.2d 491, 493 (D.R.I. 1998).  The Court must take all well-pleaded allegations as true and give the plaintiff the benefit of all reasonable inferences.  See Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995).

## ARGUMENT

Kent's cause of action in Count IV for "Violation of the R.I. Uniform Securities Act" is absolutely barred by the statute of limitations.  Therefore, Kent has failed to state a cause of action and Count IV should be dismissed.

**I.   The Statute Of Limitations Absolutely Bars Claims Brought Three Years After The Violation And Kent's Complaint Was Filed More Than Four Years After The Violation Complained Of**

The gravamen of the Complaint is that after Kent "explicitly advised" the Bank not to invest in a certain class of security in late 2005, the Bank did so at some later time, which resulted in losses to Kent for the period January 2006 to December 2008.  The claim in Count IV is brought under the RIUSA.  The statute of limitations for civil claims under the RIUSA is set forth in R.I. Gen. Laws § 7-11-606, which provides that:

> No person may obtain relief under § 7-11-605 [imposing civil liability on a person who offers or sells a security in violation of certain provisions of RIUSA] unless suit is brought within the **earliest** of …
>
> **one year** after the discovery of the violation,
>
> **one year** after discovery should have been made by the exercise of reasonable care, or
>
> **three (3) years** after the act, omission, or transaction constituting the violation.  (Emphasis added.)

3

Thus, civil claims under the RIUSA are strictly time-limited. While there are three possible tests in the statute which set out the applicable statutory period, under each of the three, Kent's claim fails due to the running of the statute of limitations.

The Complaint in this matter was filed on or about August 30, 2011. Thus, under even the most generous of the three possible tests, the latest possible date on which the act, omission, or transaction constituting the violation of the RIUSA could have occurred and still allow Kent's claim to be timely would be August 30, 2008. The "act, omission, or transaction" of which Kent complains resulted in damages occurred during a period described in the Complaint as "January 2006 through December 2008." (Complaint ¶ 30)

## II. The Three Year Statutory Period Is Inapplicable Because Kent Had Notice And Thus The One Year Period Starting Running As Of The Date Kent Had Notice

But applying the three-year time-bar is inappropriate, because under the facts as asserted in the Complaint, either of the first two tests would necessarily be the "earliest" of the three possible statutory periods. The only way in which Kent's Complaint could have satisfied the statute of limitations and been timely brought under either of the first two tests would be if the violation was discovered or should have been discovered only on or after August 30, 2010. There is not a single fact alleged in the Complaint indicating that Kent either had not discovered or should not have discovered the alleged violations long before August 30, 2010.

Kent is suing in his capacity as Trustee of the Michael C. Kent Trust and on behalf of the Trust. As Trustee of the Trust, Kent had affirmative duties during the relevant period of time, including supervisory responsibilities regarding anyone to whom the Trustee delegated or attempted to delegate Trust duties. See Complaint ¶¶ 6, 18. Kent asserts that as Trustee, he delegated Trust functions to the Bank under R.I. Gen. Laws § 18-15-9. Id. Assuming for purposes of this motion that Kent is correct, and such functions were so delegated,

4

such delegation cannot and does not vitiate Kent's ongoing duties as Trustee to supervise delegatees of trust functions. Nor can such delegation, coupled with ongoing supervisory responsibilities, become the basis for an assertion of the discovery rule in the RIUSA. The fact that certain Trustee duties may have been delegated has no bearing on whether the Trustee should have been on notice that transactions in violation of his instructions were occurring.

**III.    Discovery Doctrine Does Not Apply To Toll The Running Of The Statute Of Limitations Because Kent Had Both Inquiry And Actual Notice Of The Violation Prior to August 2010**

Kent has not alleged that he was denied access to information about the Trust's investments, and as Trustee, Kent had complete access to such information throughout the entire relevant time period. As Trustee, Kent took an active role in the investment of the Trust assets, and could have at any time discovered that his instructions were not being followed. See Complaint, ¶ 6 ("the terms of the delegation from Mr. Kent to Bank of America were for Bank of America to buy, sell, and exchange securities *upon the direction of Trust's Trustee* … income on the securities and other cash in the account were to be held *subject to further instructions from the Trustee*") (emphasis added). Thus, at an absolute minimum, Kent was on inquiry notice that the various investments made on behalf of the Trust were not in compliance with Kent's instructions.

In the context of securities claims under the Securities Act of 1933 or analogue state acts, courts determine if a claim is timely when there is a lack of actual notice by asking "whether the plaintiff was on inquiry notice." Slavin v. Morgan Stanley & Co., 791 F. Supp. 327, 330 (D. Mass. 1992) (citing Maggio v. Gerard Freezer & Ice Co., 824 F.2d 123, 128 (1st Cir. 1987); Kennedy v. Josephthal & Co., 814 F.2d 798, 803 (1st Cir. 1987); Cook v. Avien, Inc., 573 F.2d 685, 696-97 (1st Cir. 1978)). If the plaintiff was on inquiry notice, the question

then becomes "whether the plaintiff exercised due diligence in attempting to uncover the factual basis underlying the alleged fraudulent conduct." Slavin, 791 F. Supp. at 330.

The First Circuit Court of Appeals has held that facts triggering inquiry notice are "sufficient storm warnings to alert a reasonable person to the possibility that there were either misleading statements or significant omissions involved in the sale." Cook, 573 F.2d at 697-98. Applying that standard, the court in Slavin held that the public disclosure of the issuing bank's troubles with federal regulators was sufficient to place bond purchasers on inquiry notice that they had been defrauded by bond underwriters. Slavin, 791 F. Supp. at 330.

Here, the question is not nearly so fine as in Slavin, and is in fact rather clear-cut. Here, Kent had *actual* notice as of the date he first received information about the Trust's investments indicating that the Bank had not followed his alleged instructions, which he claims to have explicitly given in December 2005 (Complaint ¶ 8). Even if Kent for some reason is not charged with actual notice as of the date he first received information about Trust investments which were violative of his instructions, the relevant date for tolling under R.I. Gen. Laws § 7-11-606 remains the same, because Kent *should have been* on notice at that time due to the exercise of reasonable care. In either case, the statute of limitations under the RIUSA expired on such claims sometime in early 2007 – one year after the investment(s) made in violation of Kent's instructions occurred – more than four years prior to the filing of this action.

The discovery rule cannot serve to toll the running of the statute when there is no doubt that Kent as Trustee *should have discovered* that his earlier instructions were not explicitly followed prior to August 2010. Moreover, nowhere does the Complaint allege that Kent did not *actually discover* the same until after August 30, 2010. Thus, if Kent does not allege a lack of

6

actual notice, and as Trustee he is charged with inquiry notice, the one-year statute of limitations under the RIUSA must apply.

## CONCLUSION

Count IV of Kent's Complaint, alleging a violation of the RIUSA[2], is time-barred by both the absolute three-year limit contained within the statute, and more importantly, by either of the one-year limits within the statute, timed from the date when the wrongful act was discovered or should have been discovered.

Based solely on the allegations in the Complaint, the statute of limitations in the RIUSA bars suits brought after January 2007, because the acts complained of occurred beginning in January 2006, and Kent as Trustee was aware of the Trust's investments.  Even if, *arguendo*, the statutory period is tolled because Kent was *not* aware of the Trust's investments, it is not even implied—let alone alleged—in the Complaint that Kent was unable to identify the violation at or shortly after the time that such violation is alleged to have occurred.  Given the brevity of a one-year statute of limitations, even if Kent could plausibly argue that the running of the statute should be tolled until the violation was actually discovered, such discovery certainly occurred prior to August 2010—more than four years after the first alleged violation.

Finally, even if the three-year statute of limitations in R.I. Gen. Laws § 7-11-606 applies, the claim is still barred by the statute because the "act, omission, or transaction constituting the violation" occurred more than five years before the suit was filed.

The Bank respectfully requests that, pursuant to Fed. R. Civ. P. 12(b), Count IV of the Complaint be dismissed with prejudice due to the running of the applicable statute of

---

[2] It should be noted that R.I. Gen. Laws § 7-5-11, referenced in ¶ 35 of the Complaint, is both irrelevant to claims asserted and has been repealed.  The statute that Kent likely intended to cite to is R.I. Gen. Laws § 7-11-605.

7

limitations, and for such other and further relief to which the Bank may be justly entitled, in equity or at law.

U.S. TRUST, THE PRIVATE WEALTH MANAGEMENT DIVISION OF BANK OF AMERICA f/d/b/a BANK OF AMERICA, N.A., SUBSIDIARY OF BANK OF AMERICA CORP.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

*/s/ Melissa E. Darigan*_____
Melissa E. Darigan (#4792)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210  FAX
med@psh.com

DATED:  October 12, 2011

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT IV FOR FAILURE TO STATE A CLAIM was served on the 12th day of October, 2011 through the Court's ECF system to the following counsel of record:

Andrew R. Bilodeau, Esq.
Kristen L. Forbes, Esq.
Cohn Dussi & Bilodeau, LLC
931 Jefferson Blvd, Suite 1003
Warwick, RI  02886

*/s/ Melissa E. Darigan*_____

1471757_1/4150-134

8